IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THOMAS F. SCOLLEY                                                                                    PLAINTIFF

vs.                                            Civil No. 1:08-cv-01048

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Thomas F. Scolley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for DIB on December 6, 2005 and his application for SSI on August 9, 2006. (Tr. 15, 67-72, 82-85). Plaintiff alleged he was disabled due to lower back pain,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

arthritis, and right leg pain. (Tr. 82). Plaintiff alleged an onset date of October 31, 2005.[2] (Tr. 15, 82). These applications were initially denied on October 17, 2006 and were denied again upon reconsideration on December 14, 2006. (Tr. 15, 40-50, 61-66). On March 1, 2007, Plaintiff requested an administrative hearing on his applications. (Tr. 35). This hearing was held on June 18, 2007 in El Dorado, Arkansas. (Tr. 206-232). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had received his G.E.D. (Tr. 209-211).

On December 27, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 15-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 31, 2005, his alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairment: degenerative disc disease. (Tr. 17, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to

---

[2] In his DIB application, Plaintiff alleged an onset date of November 1, 2005. (Tr. 67). However, it appears from the other records that Plaintiff intended to allege an onset date of October 31, 2005. (Tr. 15, 82).

2

the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 18-20). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 1-2 hours continuously, 6 hours in an 8 hour day; stand/walk 1-2 hours in an 8 hour day and he may require the use of an assistive device. He experiences mild to moderate pain and is restricted from working around moving machinery. Finally, the claimant can occasionally climb, balance, stoop, crouch, kneel, and crawl.

(Tr. 18-20, Finding 5).

The ALJ then determined Plaintiff would be unable to perform his Past Relevant Work ("PRW"). (Tr. 20, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 206-232). Specifically, the VE testified that Plaintiff's PRW included work as a heat/air conditioning installer (skilled, medium), construction worker (unskilled, very heavy), and fast food manager (semi-skilled, light). (Tr. 20, 227-228). Based upon this testimony, the ALJ determined, considering his RFC, that Plaintiff would be unable to perform this PRW. (Tr. 20, Finding 6).

However, the VE also testified that a hypothetical person with Plaintiff's RFC, age, work experience, and education would be able to perform work as an information clerk with 5,000 such jobs in Arkansas and 1,000,000 such jobs in the United States and as a storage clerk with 2,000 such jobs in Arkansas and 500,000 such jobs in the United States. (Tr. 21). Based upon this testimony, the ALJ determined there were other jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 21, Finding 10). Thereafter, the ALJ determined Plaintiff had not

3

been under a "disability," as defined by the Act, from October 31, 2005 through the date of the ALJ's decision or through December 27, 2007. (Tr. 22-23, Finding 11).

On December 31, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.968. On April 14, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-9). On June 25, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on July 1, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ performed an

improper *Polaski* evaluation; (B) the ALJ improperly discredited the findings of his treating physician; and (C) the ALJ improperly relied upon the Medical-Vocational Guidelines ("Grids") at Step Five of the Analysis. (Doc. No. 6, Pages 3-20). In response, Defendant argues that the ALJ properly assessed the credibility of Plaintiff's subjective complaints, the ALJ properly considered all medical source opinions, and the ALJ properly relied upon the testimony of the VE. (Doc. No. 7, Pages 6-19).

### A.     Credibility Evaluation

Plaintiff claims the ALJ erred by conducting an improper *Polaski* evaluation. (Doc. No. 6, Pages 11-16). Specifically, Plaintiff claims the ALJ "did not conduct an in-depth *Polaski* analysis." *See id.* In response, Defendant argues that the ALJ properly assessed Plaintiff's subjective complaints. (Doc. No. 7, Pages 7-13). Defendant argues that the ALJ outlined and considered the *Polaski* factors and considered the medical evidence during the relevant time period. *See id.* Defendant also argues that the ALJ's credibility evaluation is entitled to deference. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

This Court has reviewed the ALJ's evaluation of Plaintiff's subjective complaints and finds that it is supported by substantial evidence in the record. In evaluating Plaintiff's subjective complaints, the ALJ stated the *Polaski* factors and noted the following inconsistencies between Plaintiff's subjective complaints and the record: (1) despite his alleged limitations, Plaintiff was able to perform extensive daily activities, including shopping, driving, mowing, cooking, and lifting fifty pounds; and (2) despite his alleged limitations, the diagnostic studies disclosed no evidence of disc

herniation, impingement, or stenosis. (Tr. 20). Furthermore, the ALJ also assigned weight to Dr. Bruffett's recommendation that Plaintiff "*undertake an aggressive exercise program*." (Tr. 20). This recommendation from a physician implies that Plaintiff's alleged back impairment could have improved or even been eliminated with such aggressive treatment.

Taken together, these findings are sufficient to satisfy the requirements of *Polaski*. *See Lowe*, 226 F.3d at 971-72 (holding that the ALJ is "not required to discuss methodically each *Polaski* consideration" prior to discounting a claimant's subjective complaints "as long as he [the ALJ] acknowledged and examined those considerations before discounting the claimant's subjective complaints"). Accordingly, the ALJ's evaluation is entitled to deference. *See id.* (holding that "[w]here adequately explained and supported, credibility findings are for the ALJ to make").

      **B.**    **Opinion of Dr. Gonzales**

Plaintiff claims the ALJ erred by discounting the opinion of his treating physician, Dr. Cathryn J. Gonzales, M.D. (Doc. No. 6, Pages 16-18). Specifically, Plaintiff claims more weight should have been assigned to Dr. Gonzales's two-line opinion letter which provides as follows: "To Whom It May Concern: Thomas Scolley, DOB 1-13-1967, is currently unemployed secondary to back disc disease. I do not anticipate that he will be able to return to work." (Tr.161). In response, Defendant argues that the ALJ properly rejected Dr. Gonzales's opinion letter. (Doc. No. 7, Pages 13-16). Defendant argues the ALJ properly discounted this opinion because "the objective medical evidence did not support such an overly broad opinion." *See id.* Defendant also argues that "the record as a whole . . . was inconsistent with Dr. Gonzales's overly broad opinion." *See id.*

This Court finds the ALJ did not err in giving little weight to Dr. Gonzales's opinion letter. First, Dr. Gonzales's letter provided no explanation nor does it identify support in the medical record for her conclusion. It is a bare opinion on the ultimate issue, one reserved for the SSA. *See* 20

8

C.F.R. § 416.927(e) (1) (stating that the SSA is responsible for determining whether a claimant is disabled or not).

Second, Dr. Gonzales's letter is not supported by her own treatment records of Plaintiff. Notably, there are *very few* and *very sporadic* treatment records from Dr. Gonzales. (Tr. 189-194). On November 1, 2005, Plaintiff was examined by and complained of extreme back pain to Dr. Gonzales. (Tr. 194). However, despite this allegedly severe back pain, it does not appear Plaintiff was examined by Dr. Gonzales again.[4] (Tr. 189-194). Indeed, Plaintiff's failure to seek follow-up treatment from Dr. Gonzales suggests that Dr. Gonzales should not even be considered Plaintiff's "treating physician" for purposes of the Court's analysis.

Third, this letter is not supported by Plaintiff's other treatment records. For example, Dr. Bruffett's findings indicate that Plaintiff's pain is not as sever as he alleges. On March 13, 2006, Dr. Bruffett found the following regarding Plaintiff's impairments: "I am not sure exactly what structure is causing his back pain. He certainly does not need any spinal surgery. I do not do injections . . . . *I have recommended an aggressive exercise program to strengthen his stomach and back, and I have discussed this with him today*." (Tr. 144) (emphasis added). This recommendation is clearly not consistent with Dr. Gonzales's finding that Plaintiff was totally disabled due to back pain. Accordingly, based upon the foregoing, this Court finds the ALJ did not err in rejecting Dr. Gonzales's opinion letter.

    **C.**    **Reliance on the Medical-Vocational Guidelines**

Plaintiff claims the ALJ improperly relied upon the Grids at Step Five of the analysis. (Doc.

---

[4] The next entry is dated August 7, 2006 and appears to just a note for the file that Plaintiff's wife had called the office. (Tr. 190). The other notes in Dr. Gonzale's records also appear to be correspondence from Plaintiff or Plaintiff's wife. (Tr. 189-190).

9

No. 6, Pages 18-20).  However, as noted in the ALJ's opinion, the ALJ did not rely upon the Grids at Step Five of the analysis: "Based *upon the testimony of Dr. Watts,* the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 21).  Therefore, this Court finds Plaintiff's final claim is without merit.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **4th day of August, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE